## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ALPHA CAPITAL ANSTALT, a )
  Liechtenstein corporation, )
                              )
        Plaintiff, )
                              )
v. )   NO. CIV-10-1218-D
                              )
NESS ENERGY INTERNATIONAL, INC., a )
  Washington corporation,  et al., )
                              )
        Defendants. )

## <u>ORDER</u>

Before the Court is Plaintiff's motion to dismiss [Doc. No. 90] the counterclaims asserted

by Defendants in their Amended Answer [Doc. No. 81].  Defendants timely responded, and Plaintiff

filed a reply.

Plaintiff seeks dismissal of the seven counterclaims asserted by Defendants, arguing

dismissal is mandated by Fed. R. Civ. P. 12(b)(6) because Defendants have failed to plead sufficient

facts to state a plausible claim for relief.  With respect to the third counterclaim, Plaintiff also argues

dismissal is required pursuant to Fed. R. Civ. P. 12(b)(1) because the Court lacks subject matter

jurisdiction over this claim.

Prior to the filing of the Amended Answer, Plaintiff filed a motion for partial summary

judgment, seeking judgment on its claim for a declaratory judgment that it is the owner of the stock

of Ness Energy of Israel, Inc. ("Ness Israel"), as well as its request that Defendants Ness

International ("Ness"), Viceroy, LLC ("Viceroy"), OKT Resources, LLC ("OKT"), and David

Boyce be permanently enjoined from asserting claims to ownership of the Ness Israel stock.[1]

Plaintiff also sought judgment on the counterclaim of Defendant Viceroy, asserted in Viceroy's

original Answer,[2] in which Viceroy claimed it is the owner of the Ness Israel stock.  On March 28,

2012, the Court entered its Order [Doc. No. 109], granting in part and denying in part Plaintiff's

partial summary judgment motion (the "partial summary judgment Order").  The partial summary

judgment Order is adopted and incorporated herein.

In granting partial summary judgment to Plaintiff, the Court found in its favor as a matter

of law on most of the issues underlying the seven counterclaims.  In addressing the partial summary

judgment motion,  the Court considered the extensive evidence derived through discovery and

submitted by the parties with their respective summary judgment briefs.  The Court found that, with

respect to certain issues and claims, the undisputed material facts establish that Plaintiff is entitled

to judgment as a matter of law in accordance with Fed. R. Civ. P. 56 (a).  In doing so, the Court

ruled in Plaintiff's favor on many of the contentions now asserted in Defendants' counterclaims.

In fact, Defendants' arguments in response to the motion to dismiss are essentially the same as those

asserted in response to the partial summary judgment motion.   Accordingly, to the extent the Court

has found the undisputed evidence does not, as a matter of law, support Defendants' contentions,

the counterclaims advancing those contentions are precluded.

---

[1]On January 24, 2011, the Court granted in part Plaintiff's motion for a preliminary injunction, and preliminarily enjoined Defendants from holding out Ness, OKT, or Viceroy as the owner of Ness Israel. *See* Findings of Fact, Conclusions of Law and Order [Doc. No. 54]. That preliminary injunction remains in effect.

[2]Defendants initially filed separate answers and only Viceroy asserted a counterclaim. The Amended Answer is filed jointly by all Defendants and asserts counterclaims on behalf of several defendants.

To the extent any counterclaims are not precluded, Plaintiff's motion is governed by the standards applicable to Fed. R. Civ. P. 12(b)(6) motions.  To avoid dismissal pursuant to  Rule 12(b)(6), a complaint or counterclaim "must contain enough factual allegations 'to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 F. App'x 843, 846 (10th Cir. 2008) (unpublished opinion).

To state a plausible claim, the claimant has the "burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."  *VanZandt*, 276 F. App'x at 846 (quoting *Robbins*,  519 F. 3d at 1247.)  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U. S. at 555.  Thus, claimants  must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible."  *Id.* at 570; *Robbins*, 519 F. 3d at 1247.  The "mere metaphysical possibility" that the claimant "could prove some set of facts in support of the pleaded claims is insufficient," as the allegations must give the Court "reason to believe that *this* [claimant] has a reasonable likelihood of mustering factual support for *these* claims."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original).   Although the Court must construe well-pleaded facts as true, not all factual allegations are "entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951 (2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" the pleader "has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'"  *Id.*  The Court need not accept as true assertions which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim.  *Ashcroft,* 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 554-555).

Applying the rulings in the partial summary judgment Order and the foregoing standards governing Rule 12(b)(6) motions, the Court concludes as follows with regard to the motion to dismiss the counterclaims.

Defendants' first counterclaim seeks a declaratory judgment that Viceroy is the owner of Ness Israel's stock by virtue of a transfer to it by Sha Stephens.  In the partial summary judgment Order, the Court found the undisputed evidence establishes that Mr. Stephens did not validly transfer Ness Israel's stock to Viceroy and that, at the time of the purported transfer, he did not own the stock of Ness Israel.  The Court further determined the undisputed evidence establishes that ownership of Ness Israel's stock was validly transferred to Plaintiff by Ness in 2008 in partial satisfaction of a judgment rendered in its favor and against Ness, which the Court determined was the owner of Ness Israel's stock at the relevant time.  The Court granted judgment to Plaintiff on its contention that Viceroy has no valid legal claim to ownership of Ness Israel's stock.  Consequently, the first counterclaim is moot and cannot be pursued.

The second counterclaim seeks alternative declaratory relief, and it is based on Defendants' contention that the 2008 transfer of Ness Israel's stock to Plaintiff was invalid because Plaintiff failed to obtain possession of the stock as provided by the laws of Texas and/or Plaintiff failed to follow New York law in connection with its receipt of the stock.  In the partial summary judgment ruling, the Court rejected this contention, and it found the 2008 transfer to Plaintiff by Ness International was a valid transfer resulting in Plaintiff's ownership of all of the stock in Ness Israel.  Accordingly, the second counterclaim seeks relief directly contrary to the Court's ruling and is precluded.

In their third counterclaim, Defendants seek a declaratory judgment adjudicating rights related to a June 24, 2008 New York lawsuit brought by Plaintiff, Bristol Investment Fund, Ltd., and Ellis International, Ltd., Case No. 08 civ. 586 (AKH).  Defendant Ness was a defendant in that lawsuit, along with Alan Stricklin and Alpha Quest, LLC.  Defendants ask the Court to grant them relief from a November 13, 2008 order entered in that action upon the default of the defendants therein.  According to Defendants' allegations, the order directed Ness to cancel a transfer of 260 million shares of its stock and to "reserve those shares in proportion to each plaintiff's respective loan to Ness."  Amended Answer, ¶ 76.  Defendants further allege that the order required Ness to reserve 137.8 million shares of Ness stock for Plaintiff, and additional specified shares to each of the other plaintiffs.  *Id.*   In the third counterclaim, Defendants ask the Court to issue a declaratory judgment that Ness is no longer required to reserve the 137.8 million shares of its stock in the name of Plaintiff and that Plaintiff has no conversion rights with respect to Ness's stock because such rights "merged into the default judgment obtained by Plaintiff."  Amended Complaint, ¶ 86.  Defendants also ask the Court to declare that Ness is no longer bound by the November 13, 2008 order.

In its motion, Plaintiff seeks dismissal of the third counterclaim pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that a declaratory judgment is improper as a matter of law because there is no justiciable controversy before this Court with respect to Plaintiff's conversion rights under the November 13, 2008 order.  Although it is clear that a justiciable controversy exists between Plaintiff and Defendants regarding Ness Israel's stock, Plaintiff has not sought relief from this Court with respect to the stock of Ness or any conversion rights resulting from the November 13, 2008 order.  Defendants do not allege that the conversion rights are related to Ness Israel.

5

As Plaintiff correctly points out, the Declaratory Judgment Act is remedial and does not itself confer jurisdiction on federal courts.  As a result, a claimant "must establish an Article III case or controversy as a prerequisite to declaratory relief."  *Rector v. City & County of Denver,* 348 F.3d 935, 946 (10th Cir. 2003).  A failure to show an actual controversy warrants dismissal of the action. *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008).  Plaintiff argues the third counterclaim does not allege a case or controversy regarding the November 13, 2008 order or Plaintiff's conversion rights regarding Ness's stock. In fact, Defendants do not allege that Plaintiff has ever sought to exercise its conversion rights or that it has indicated an intention to do so.   The Court concludes that the allegations do not state a justiciable controversy.

To the extent that Defendants' third counterclaim seeks this Court's determination that the November 13, 2008 order was improperly obtained or should be set aside or modified, Defendants must seek relief from the court issuing the order.  Pursuant to Fed. R. Civ. P. 60(b), relief from a final judgment or order must be filed in the district court and in the action in which the judgment or order was issued.  *See, e.g., Bankers Mortgage Co. v. United States,* 423 F.2d 73, 78 (5th Cir. 1970).

For the foregoing reasons, the Court concludes the third counterclaim must be dismissed because there is no actual case or controversy which authorizes the issuance of a declaratory judgment under these facts.  Furthermore, Defendants have the opportunity to seek relief in the court which issued the order which is the basis for their counterclaim.

In the fourth counterclaim, Defendants seek injunctive relief precluding Plaintiff from holding itself out as owner of the Ness Israel stock, arguing Viceroy and Ness are likely to prevail on the merits of their claim that the 2008 transfer to Plaintiff was invalid and that Viceroy is the

valid owner of Ness Israel's stock.  As discussed above, the partial summary judgment Order ruled against Viceroy on its ownership claim because the Court held that, as a matter of law, the 2008 transfer to Plaintiff was valid and that Viceroy's claim to ownership of the stock is not supported by the evidence.  The Court granted judgment to Plaintiff and against Viceroy on that claim.  The Court rejected the arguments, asserted in Defendants' fourth counterclaim and in their response to the motion to dismiss, that Plaintiff's receipt of the Ness Israel stock via the 2008 transfer was invalid.  Accordingly, the fourth counterclaim is precluded by the partial summary judgment ruling.

Defendants' fifth counterclaim asserts that Plaintiff is liable for conversion of the Ness Israel stock.  This contention is based on the assertion that either Viceroy or Ness International owns the stock because the 2008 transfer in partial satisfaction of the judgment obtained in New York in favor of Plaintiff and against Ness  did not lawfully transfer ownership of Ness Israel's stock to Plaintiff. The same contentions asserted by Defendants in this counterclaim were rejected in the partial summary judgment Order.  Accordingly, the fifth counterclaim has been rendered moot and cannot be pursued.

The sixth counterclaim asserts a cause of action for abuse of process under New York law. To the extent this claim is based on Defendants' contention that Plaintiff's 2008 acquisition of the Ness Israel stock is invalid for failure to have the stock sold at a public sale under New York law, the Court has rejected that contention.  Accordingly, this counterclaim is precluded.   Furthermore, as Plaintiff points out in its motion, Defendants have not properly pled the essential elements of a New York cause of action based on abuse of process.   To do so, Defendants must plead that Plaintiff 1) employed regularly issued legal process to compel performance or forbearance of some action; 2) Plaintiff did so with the intent to do harm without excuse or justification; and 3) that it did

so to obtain a collateral objective that is outside the legitimate ends of the process.  *Savino v. City of New York*, 331 F.3d 63, 76-77 (2d Cir. 2003).  In this case, Defendants argue that process was abused when Plaintiff obtained the New York court's May 29, 2008 order directing Ness to transfer Ness Israel's stock to Plaintiff in partial satisfaction of Plaintiff's judgment against Ness. Defendants fail to allege that Plaintiff sought the order without excuse or justification or that it did so to obtain a collateral objective outside the legitimate ends of the order.  In fact, as the Court concluded in its partial summary judgment Order, the parties do not dispute that, at the time the 2008 order was filed, the value of Ness Israel's stock was less than the judgment against Ness.  The Court has held that the 2008 New York court order was a valid means of ordering transfer of the stock in partial satisfaction of Plaintiff's judgment, and that the subsequent transfer by Ness to Plaintiff resulted in Plaintiff's lawful ownership of the Ness Israel stock.  To the extent Defendants' sixth counterclaim argues to the contrary, it is moot and Defendants are precluded from pursuing it.

This determination does not, however, preclude the Court from considering Defendants' related argument that Plaintiff cannot continue to hold the stock, or its value, in an amount exceeding the amount of the New York judgment.  As the Court noted in its partial summary judgment Order, that determination, and the related balancing of the equities between the parties, is within the equitable power of the Court and will be considered when fashioning a complete remedy.

In their seventh counterclaim, Defendants assert a cause of action based on fraud.  Plaintiff seeks dismissal on the grounds that Defendants have failed to plead the essential allegations of fraud.

As Plaintiff points out, to state a claim for relief based on fraud, the pleader must allege: 1) a misrepresentation or material omission of fact which was false and known to be false; 2) the

misrepresentation or omission was made for the purpose of inducing the other party to rely upon it; 3) the other party justifiably relied on the misrepresentation or omission; and 4) the party suffered resulting injury. *See Premium Mortgage Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (applying New York law)[3].

The seventh counterclaim asserts that the Affirmation of Loss executed Ness's Chief Executive Officer, Alan Stricklin, in 2008 was drafted by Plaintiff's attorney and it misrepresented that the resulting transfer was in response to the New York court's May 29, 2008 order requiring delivery of the stock to Plaintiff in partial satisfaction of the judgment against Ness. As Plaintiff points out, Defendants do not allege that this representation was false or that they suffered injury by relying on it. Even if they had done so, however, the Court concluded in the partial summary judgment Order that the undisputed facts in evidence establish the transfer was made to partially satisfy the judgment, and the Court found no evidence that any representation was false or misleading.

Defendants also allege the Affirmation of Loss contained material misrepresentations because it included an indemnity provision and allowed Plaintiff to vote Ness Israel's stock. According to Defendants' allegation, those provisions were not required by the New York court's order directing Ness to transfer the stock. Even if these provisions constitute a representation to Defendant Ness, however, Defendants do not allege facts to show how they suffered injury as a

---

[3]As Plaintiff notes, New York law governs this claim because the conduct on which Defendants rely occurred in New York. However, the essential elements of a fraud claim are essentially the same even if Defendants contend Oklahoma or Texas law governs this counterclaim. *See NMP Corp. v. Parametric Technology Corp.,* 958 F. Supp. 1536, 1544 (N.D. Okla. 1997) (elements of a fraud claim under Oklahoma law); *Williams v. Upjohn Co.*, 153 F.R.D. 110, 116 (S.D. Tex. 1994) (elements of a Texas fraud claim).

result.  The Affirmation of Loss and express conveyance therein of Ness's ownership of Ness Israel is the document whereby Mr. Stricklin conveyed the stock in his capacity as Chief Executive Officer of Ness.  As the Court concluded in the partial summary judgment Order, the undisputed evidence establishes that Mr. Stricklin conveyed ownership of the stock to Plaintiff, and he represented at the time that Ness owned the stock.  Plaintiff relied on Mr. Stricklin's representations in accepting the Ness Israel stock as partial satisfaction of its judgment against Ness.  The partial summary judgment record contained no evidence that could support a claim that Plaintiff made any representation, or omitted any material fact.  The Court concludes that, pursuant to its partial summary judgment Order, this counterclaim is moot because the Court has previously ruled against Defendants on the issues underlying the claim.

For the foregoing reasons, Plaintiff's motion to dismiss Defendants' counterclaims [Doc. No. 90] is GRANTED.  To the extent the Court has determined herein that the counterclaims are precluded by the Court's partial summary judgment ruling, leave to amend will not be granted because it would be futile to attempt to restate those counterclaims.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir.1996).  Furthermore, Defendants did not request leave to amend.  Where leave to amend is not expressly sought, the Court is not required to consider the propriety of an amendment, and has the authority to dismiss the claims with or without leave to amend.  *Brever v. Rockwell International Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994). The Court concludes that leave to amend should not be granted under these circumstances.

However, the Court reiterates its ruling, set forth in the partial summary judgment Order and stated herein, that dismissal of Defendants' counterclaims does not preclude the Court from considering Ness's claim to the value of Ness Israel's stock in excess of the value of Plaintiff's

judgment against Ness.  As discussed in the partial summary judgment Order, the Court's rulings

in Plaintiff's favor do not mandate a determination that Plaintiff can indefinitely retain all of the

stock of Ness Israel without effectively crediting the value of that stock against the amount of the

judgment against Ness.  This remains an issue to be adjudicated by the Court in the exercise of its

equitable powers.

      IT IS SO ORDERED this 11th day of June, 2012.


_____

TIMOTHY D. DᴇGIUSTI
UNITED STATES DISTRICT JUDGE